**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2197-19T2

FRANCES J. HOFFMAN,

    Plaintiff-Respondent,

v.

BRUCE W. HOFFMAN,

    Defendant-Appellant.

_____

> Argued November 30, 2020 – Decided December 17, 2020
>
> Before Judges Mayer and Susswein.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0908-98.
>
> Bruce W. Hoffman, appellant pro se.
>
> Respondent has not filed a brief.

PER CURIAM

    For the seventh time since the entry of the January 19, 2000 final judgment of divorce (JOD), defendant Bruce Hoffman has filed an appeal from a post-

judgment matrimonial order. He appeals from a January 17, 2020 order denying his motion to void the JOD and the November 10, 1999 property settlement agreement (PSA), as well as denying all other relief requested. Based on our review of defendant's most recent appeal, we are satisfied the appeal lacks merit as the same issues have been previously adjudicated by various family court judges and appellate judges. Therefore, we affirm.

Defendant's efforts to reduce or eliminate his support obligations, vacate the JOD, set aside the PSA, relitigate equitable distribution, compel plaintiff Frances Hoffman to fund a retainer to pay defendant's counsel fees, and issue a bench warrant against plaintiff have been rejected by the trial courts and affirmed by this court. See Hoffman v. Hoffman, No. A-0986-03 (App. Div. May 27, 2004); Hoffman v. Hoffman, No. A-4509-05 (App. Div. May 4, 2007), cert. denied, 552 U.S. 1317 (2008); Hoffman v. Hoffman, No. A-4259-07 (App. Div. June 1, 2009), certif. denied, 200 N.J. 365 (2009), cert. denied, 559 U.S. 1009 (2010), reh'g denied, 559 U.S. 1117 (2010); Hoffman v. Hoffman, No. A-4309-10 (App. Div. Dec. 2, 2011), certif. denied, 210 N.J. 27 (2012); Hoffman v. Hoffman, No. A-5632-12 (App. Div. June 26, 2014); Hoffman v. Hoffman, No. A-3117-14 (App. Div. Feb. 6, 2017), certif. denied, 230 N.J. 411

(2017); <u>Hoffman v. Hoffman</u>, No. A-1363-17 (App. Div. Feb. 15, 2019), <u>certif. denied</u>, 239 N.J. 507 (2019).

We presume the parties are familiar with the facts based on the foregoing litigation history. This appeal arises from defendant's December 16, 2019 motion seeking the following relief: setting aside the PSA; rendering a new equitable distribution determination; scheduling a plenary hearing; requiring plaintiff fund a retainer to pay defendant's counsel fees; issuing a bench warrant for plaintiff's arrest if she failed to fund the requested retainer; requiring plaintiff to provide an updated Case Information Statement (CIS); issuing a bench warrant for plaintiff if she did not comply; terminating alimony, eliminating all arrearages, and reinstating defendant's passport privileges; and staying all outstanding payments and garnishments pending a plenary hearing.

Judge Gregory L. Acquaviva heard the motion on January 17, 2020. In a written statement of reasons, the judge denied each of defendant's requests. He noted that defendant had repeatedly claimed the JOD and PSA should be set aside based on plaintiff's fraud during the negotiation of the PSA. According to Judge Acquaviva, defendant "re-assert[ed] the same contentions that have been repeatedly asserted before. And repeatedly rejected before." The judge concluded defendant's arguments in support of altering the JOD failed to satisfy

the requirements of Rule 4:49-2 because "[d]efendant [had] not even put forth new evidence . . . but, rather, re-argue[d] that the prior court rulings were incorrect."

Judge Acquaviva also determined defendant's claims failed under Rule 4:50-1, governing relief from a prior judgment. He held defendant offered no "evidence to substantiate his argument of . . . fraud" in procuring the PSA and noted defendant was represented by counsel during the negotiation of the PSA. Further, in November 1999, defendant told the family court judge that the PSA was fair and equitable. Judge Acquaviva found no unconscionability in the agreement, only defendant's "mere disagreements with the terms of the PSA . . . ."

The judge further determined defendant's arguments related to termination of his financial obligations had been repeatedly raised and rejected by several family court judges. The judge found defendant failed to make a prima facie case of changed circumstances. While defendant stated his income dropped significantly, he failed to show any efforts to "improve his position" or "why he [was] incapable of finding other employment . . . ." As a result, the judge determined there was no need for a plenary hearing and rejected defendant's request to terminate his financial obligations or forgive his arrears.

A-2197-19T2

On appeal, defendant argues the following:

POINT I

THE TRIAL COURT ERRED IN NOT SETTING ASIDE THE PROPERTY SETTLEMENT AGREEMENT BASED ON THE FACTORS THAT ARE TO BE CONSIDERED UNDER RULE 4:50.

POINT II

THE TRIAL COURT ERRED IN THE DEFENDANT'S REQUEST TO STAY PENDING THE COMPLETION OF A PLENARY HEARING, THE ALIMONY AND ALL OF THE ARREARAGE PAYMENTS AND GARNISHMENTS. AND AS APPLIED TO THE FACTS OF THIS CASE, IMPLEMENTED N.J.S.A. 2A:34-23 IN AN UNREASONABLE, ARBITRARY, CAPRICIOUS AND BRIGHT-LINE MANNER. RESULTING IN THE DENIAL OF THE DEFENDANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS.

POINT III

THE TRIAL COURT ERRED IN NOT REQUIRING THE PLAINTIFF TO PROVIDE THE DEFENDANT WITH A COMPLETE AND UPDATED CASE INFORMATION STATEMENT. AS IS REQUIRED BY RULE 5:5-2

POINT IV

THE TRIAL COURT ERRED IN NOT GRANTING A PLENARY HEARING FOR A NEW DETERMINATION OF EQUITABLE DISTRIBUTION. GIVEN THAT THERE WAS A PROPER SHOWING OF A PRIMA FACIE CASE.

5

POINT V

THE TRIAL COURT ERRED IN NOT REQUIRING THE PLAINTIFF TO FUND . . . A RETAINER FOR THE DEFENDANT'S BENEFIT PRIOR TO A PLENARY HEARING. GIVEN THE CREDIBLE EVIDENCE OF THE PLAINTIFF'S BAD FAITH, DECEIT, VARIOUS FORMS OF FRAUD AND OUR UNEQUAL FOOTING.

Having reviewed the record, we are satisfied defendant's claims are redundant, reflect his dissatisfaction with the outcome of his prior motions and related appeals, and fail to raise new issues not previously addressed. The doctrine of collateral estoppel "bars relitigation of any issue which was actually determined in a prior action, generally between the same parties . . . ." Tarus v. Borough of Pine Hill, 189 N.J. 497, 520 (2007) (emphasis omitted) (quoting Sacharow v. Sacharow, 177 N.J. 62, 76 (2003)). We need not resolve issues previously decided on the merits. Moreover, as we stated in our opinion addressing a prior appeal by defendant, repeated litigation of the same issues is burdensome to the adverse party as well as the judicial system and is not permitted. See In re Dawson, 136 N.J. 1, 20-21 (1994) (describing the doctrine of collateral estoppel).

A-2197-19T2

Defendant's arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). We affirm substantially for the reasons set forth by Judge Acquaviva in his cogent January 17, 2020 written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2197-19T2